## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51885

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 31, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JUSTIN AARON RAY NICHOLSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Joseph W. Borton, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of one year, for battery on a law enforcement officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Justin Aaron Ray Nicholson entered an *Alford*[1] plea to battery on a law enforcement officer, Idaho Code § 18-915(3)(a).[2] In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of five years with one year determinate, to be served consecutively to any other sentences, with credit for time served. Nicholson appeals, contending that his sentence is excessive.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Nicholson also pled guilty to misdemeanor resisting and obstructing in a separate case which is not at issue in this appeal.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Nicholson's judgment of conviction and sentence are affirmed.